[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14205
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00091-MHS


MARK ANDREW HILDERBRAND,

Plaintiff-Appellant,

versus


ASHLEY SANDERS,
AARON SMITH,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 30, 2012)


Before BARKETT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Mark Andrew Hilderbrand, proceeding pro se in his 42 U.S.C. § 1983 case, appeals the district court's dismissal of his deliberate-indifference claim for failure to exhaust administrative remedies and adverse grant of summary judgment of his failure-to-protect claim. His claims arise from Larry Winn, a private citizen, attacking Hilderbrand after Hilderbrand led Winn and Douglas County police officers Ashley Sanders and Aaron Smith on a high-speed chase in Winn's stolen car. Hilderbrand alleges that the officers failed to protect him from Winn's attack and that Douglas County Jail ("DCJ") provided inadequate medical treatment for his injuries from the attack.

I.

We review a district court's order granting summary judgment de novo, viewing all of the facts in the record in the light most favorable to the non-moving party, and drawing all reasonable inferences in her favor. Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). Summary judgment is proper where the record presents "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. at 1341 (quoting Fed. R. Civ. P. 56(a)).

In general, the government does not violate the Due Process Clause of the Fourteenth Amendment by failing to protect an individual against private violence. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). In certain limited circumstances, the Due Process Clause will impose on the

2

government an affirmative duty of protection, which arises from the government's affirmative act of restraining the individual's freedom through incarceration, institutionalization, or other similar limitation of personal liberty. Id. at 194-200. Thus, if the victim was not in the government's custody, state officers may only be held liable for a substantive due process violation if they are engaged in behavior that is "arbitrary or conscience shocking in a constitutional sense." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1305 (11th Cir. 2003).

Here, the events at issue occurred after Hilderbrand ended the car chase near an apartment building and fled on foot into the woods. After Hilderbrand fled, Winn arrived at the apartment building ahead of the officers in a separate vehicle and chased Hilderbrand on foot. According to Hilderbrand's deposition testimony, Hilderbrand voluntarily stopped running after he heard an unidentified person yell "stop." After Hilderbrand stopped, Winn pulled him to the ground and sat on top of him. Hilderbrand testified that a person, possibly Winn, yelled "get that motherf---er" and then Winn threw five or six punches at Hilderbrand. According to Hilderbrand, the officers had been following Hilderbrand into the woods and were about 30 yards behind him. Officers Smith and Sanders broke up the fight and arrested Hilderbrand, who, according to the officers, was kicking and screaming and refusing to cooperate with them.

3

After providing his deposition testimony, Hilderbrand contradicted it by claiming that one of the officers yelled "stop" and then argued that Hilderbrand was in police custody when Winn attacked, resulting in the police having had an affirmative duty to protect Hilderbrand.   The district court appropriately rejected this argument because Hilderbrand could not explain his change in testimony and therefore failed to establish a genuine issue that an officer yelled "stop."[1]  When a party has given clear answers to unambiguous questions that negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with evidence that merely contradicts the previously given clear testimony without explanation.  See Van T. Junkins & Assocs., Inc., v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984).

Because Hilderbrand's custody argument fails, the officers would only be liable if their behavior shocked the conscience.  See Waddell, 329 F.3d at 1305.  Hilderbrand, on appeal, contends that the officers stood by and encouraged Winn to hit him and that Officer Smith hit Hilderbrand causing him a concussion.   The officers argue that they did not encourage Winn's attack and that they neither had the time nor opportunity to prevent Hilderbrand from Winn attacking him.

---

[1] The district court noted that, in advancing this claim, Hilderbrand inconsistently argued that he could not identify which officer said stop and that Officer Smith was in fact the one who ordered him to stop.  The district court rejected Hilderbrand's explanation that he recognized Officer Smith's voice only after the deposition occurred because, in fact, Hilderbrand would have first heard Officer Smith's voice when Smith called for medical assistance at the scene of the fight.

4

Consistent with the officers' contentions, Hilderbrand testified in his deposition that he could not identify who yelled at him, that Winn's attack only lasted five or six punches for a few seconds, that the officers were about 30 yards behind him, and that he could not recall either of the officers striking him. The district court did not err in holding that Hilderbrand failed to present evidence establishing a genuine issue of whether the officer's behavior shocked the conscience. See Waddell, 329 F.3d at 1305 (holding that mere negligence is insufficient to shock the conscience for Fourteenth Amendment purposes). Thus, the court did not err in granting summary judgment to the officers for Hilderbrand's failure-to-protect claim.

## II.

Regarding his remaining claim, Hilderbrand contends that the district court prematurely dismissed his claim of deliberate indifference against Major Tommy Wheeler, Captain Hensley, Lieutenant Dobbs, Doctor Graham, Nurse Evans, Nurse Brown, and Nurse Skinner (collectively, the "medical defendants"), after the court granted the medical defendants' motion to dismiss for failure to exhaust administrative remedies. Under the Prisoner Litigation Reform Act of 1996 ("PLRA"), a prisoner must first exhaust all available administrative remedies before pursuing a § 1983 lawsuit. See 42 U.S.C. § 1997e(a); Bryant v. Rich, 530 F.3d 1368, 1372-73 (11th Cir. 2008). A motion to dismiss for failure to exhaust

5

administrative remedies under the PLRA is treated as a matter in abatement. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (holding that such motions are procedurally treated like a defense of a lack of jurisdiction). As a result, district courts may look beyond the pleadings and resolve disputed factual issues in deciding such a motion to dismiss. Bryant, 530 F.3d at 1373-74, 1376.[2] We review the district court's findings of fact for clear error. Bryant, 530 F.3d at 1377. A factual finding is clearly erroneous if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been committed. Id.

Here, the district court determined that Hilderbrand had failed to allege facts to show that he properly exhausted his administrative remedies. The district court found that Hilderbrand filed three medical-related grievances, two of which he failed to administratively appeal and one of which he directed to the improper party. Furthermore, the district court found that Hilderbrand failed to present any

---

[2] Specifically, deciding a motion to dismiss for failure to exhaust administrative remedies under the PLRA involves a two-step process.

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

Turner, 541 F.3d at 1081 (citations omitted).

6

evidence supporting his arguments that he actually filed a fourth medical-related grievance and that pursuing administrative remedies for these grievances would have been fruitless.  The district court's account of the evidence is plausible in light of the record viewed in its entirety and therefore not clearly erroneous.  See Bryant, 530 F.3d at 1377-78.  The court did not err in finding that Hilderbrand had failed to exhaust his administrative remedies and that dismissal was therefore proper for his deliberate-indifference claim.[3]

 **AFFIRMED.**

---

[3] Hilderbrand also appeals the district court's denial of his motion for appointment of counsel, arguing in part that mental and physical injuries from the attack impaired his competency.  We hold that the court did not abuse its discretion in denying appointment of counsel because the facts and legal issues in this case are neither novel nor complex and the court determined that Hilderbrand's pleadings at the time were competent and understandable. See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).